JUSTICE COTTER
respectfully dissents.
¶32 I believe the District Court erred when it concluded that the contract remedy provision violated the Montana Subdivision and Platting Act. Accordingly, I would have granted the plaintiff’s request to quiet title to the twenty-acre parcel pledged by Canton as security in the event Canton breached his contractual obligations.
¶33 Section 76-3-201(l)(b), MCA, exempts from subdivision regulations, divisions of land that are "... created to provide security for construction mortgages, liens, or trust indentures ...” The majority concludes that the word “lien” must be construed to mean a “construction lien.” I disagree. The statute references “construction mortgages” and “liens” separately; nowhere does it mention “construction liens.” The majority then goes on to say it will not recognize a general lien, absent an express agreement to give a lien in the first place. Here, there was an express agreement to give a lien, as “lien” is defined at § 71-3-101(2), MCA, in Paragraph 23 of the Contract for Deed. The seller expressly gave the buyer a quit-claim deed on the twenty acres, as and for security for performance of an act, and gave the buyer the option to commence foreclosure proceedings on the property should he default. I would give Riverview Homes the benefit of these contractual provisions negotiated between the parties. ¶34 The introductory language of § 76-3-201(1), MCA, allows a lien to be exempted from the provisions of the chapter “[u]nless the method of disposition is adopted for the purpose of evading this chapter ....” There was no finding by the District Court that the parties purposely intended to evade the requirements of the subdivision chapter. Therefore, I would conclude that a valid lien was created, that the lien
*528 was not intended to evade the subdivision requirements, and that the plaintiff had the right to quiet title to the twenty-acre parcel pledged by Canton as security. I would therefore find that the contract remedy did not violate the Montana Subdivision and Platting Act, and would order remand for purposes of quieting title to the twenty-acre parcel in the name of Riverview Homes. I would accordingly not reach issues two or three.
JUSTICE RICE joins in the foregoing dissent of JUSTICE COTTER.